IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COLUMBIA INSURANCE GROUP, INC. and
COLUMBIA MUTUAL INSURANCE COMPANY, INC.                               PLAINTIFF

v.                              Case No. 6:23-cv-6132

JR'S AUTO CARE CORP.;
JR HARVEY d/b/a AUTO CARE;
and EARL E. HARVEY, JR.                                               DEFENDANTS

## MEMORANDUM OPINION and ORDER

Before the Court is Plaintiffs' Motion for Summary Judgment. ECF No. 18. Defendants have responded to the motion. ECF No. 21. The Court finds this matter ripe for consideration.

### I. BACKGROUND

The facts of this case that have been presented by Plaintiffs are not in dispute. In fact, Defendants state that "they rely on the factual allegations presented by the Plaintiffs" but submit that Defendants' "interpretation of the factual allegations is the correct analysis of the situation." ECF No. 21, at ¶ 4. Further, Defendants have not filed a "statement of the material facts as to which [they] contend[] a genuine issue exists to be tried" as required by Local Rule 56.1(b). Thus, the Court deems admitted those facts set forth in Plaintiffs' statement of undisputed facts. ECF No. 20.

Plaintiffs Columbia Insurance Group, Inc. and Columbia Mutual Insurance Company, Inc. (collectively, "Columbia"), issued a Businessowners Insurance Policy (Policy No. BPPAR2000004915, hereinafter referred to as the "Policy") to Separate Defendant JR's Auto Care Corp. ("JR's Auto Care") for the policy period of December 11, 2022, through December 11, 2023. At some time prior to June 14, 2023, John Gibson Auto Sales, Inc. ("Gibson") brought fourteen (14) vehicles that it owned to JR's Auto Care so that JR's Auto Care could assess the vehicles to

determine what repair work might be needed before Gibson could offer the vehicles for sale. On June 14, 2023, a hailstorm moved through Hot Springs, Arkansas, which is where JR's Auto Care is located. Each of the fourteen (14) vehicles parked at JR's Auto Care was damaged by the hailstorm.

Gibson made a claim against JR's Auto Care under the Policy for each of its fourteen (14) vehicles, and Columbia adjusted the claim to Gibson's satisfaction, securing a release of all of Gibson's claims against JR's Auto Care in exchange for payment to Gibson in the amount of $109,000.00. As part of its settlement with Columbia, Gibson agreed to transfer each of the fourteen (14) vehicles to Columbia.

On October 5, 2023, Columbia sent a salvage company to pick up the fourteen (14) vehicles, but JR's Auto Care refused to release any of the vehicles without first collecting storage fees from Columbia. As of October 5, 2023, JR's Auto Care claimed storage fees from Columbia amounting to $60.00 per day for each of the fourteen (14) vehicles for seventy-six (76) days. The total amount of the storage fees that JR's Auto Care is attempting to collect now exceeds $100,000.00.

It was not until October 5, 2023, that Columbia was notified that JR's Auto Care would be charging for storage of the vehicles. On October 6, 2023, Columbia issued final authority to settle Gibson's claim in the amount of $109,000.00. On October 19, 2023, Columbia received the physical copies of the titles to each of the fourteen (14) vehicles owned by Gibson. On November 7, 2023, Columbia issued payment to Gibson in the amount of $109,000.00. To date, JR's Auto Care has refused to release the fourteen (14) vehicles now owned by Columbia unless Columbia pays the storage fees, which continue to accrue, according to JR's Auto Care.

On December 12, 2023, Columbia filed its complaint for declaratory judgment, requesting

2

that the Court declare that JR's Auto Care has no right to collect any storage fees for the fourteen (14) vehicles at issue and that Columbia has discharged all duties and obligations to JR's Auto Care under the Policy. Columbia now moves for summary judgment on this issue. ECF No. 18. Defendants oppose the motion. ECF No. 21.

## II. LEGAL STANDARD

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252. "There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Zimmerli v. City of Kansas City, Missouri*, 996 F.3d 857, 862-63 (8th Cir. 2021) (quotation omitted).

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). "The party moving for summary judgment generally has the burden of demonstrating the absence of any genuine issues of material fact." *Zimmerli*, 996 F.3d at 863. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## III. DISCUSSION

The issue in dispute here is whether JR's Auto Care is entitled to certain storage fees for

3

a group of damaged vehicles left on its premises. Columbia asks the Court to find that the storage fees are not covered under the unambiguous terms of the Policy. JR's Auto Care admits that the Policy does not obligate Columbia to pay the storage fees but argues that an Arkansas statute controls the issue. ECF No. 22, p. 2. Because both parties agree that the Policy does not require Columbia to pay the storage fees, the Court finds that Columbia is entitled to summary judgment on this issue.

Having resolved Columbia's claim for declaratory judgment, the Court turns now to JR's Auto Care's counterclaim. JR's Auto Care argues that Ark. Code Ann. § 18-45-201 takes precedence over the Policy and requires Columbia to pay the storage fees at issue.[1] This statute provides:

> All . . . automobile repairmen [and] . . . automative storagemen . . . who perform, or have performed, work or labor for any person, firm, or corporation, who have furnished any materials or parts for the repair of any vehicle . . . or who store on their premises any automobile, . . . if unpaid, shall have an absolute lien upon the product or object of their labor, repair, or storage . . . for the sums of money due for their wok, labor, storage, and for materials furnished by them and used in the product . . . ."

Ark Code Ann. § 18-45-201. "The lien shall not take precedence over a bona fide purchaser for value of any automobile . . . without either actual or constructive notice." Ark. Code Ann. § 18-45-202(c).

JR's Auto Care argues that it is entitled to a storageman's lien under this statute in the amount of the storage fees. In support of its argument, JR's Auto Care points out that Columbia received actual notice of the lien on October 5, 2023, when it attempted to pick up the fourteen vehicles from JR's Auto Care. However, Gibson owned the fourteen (14) vehicles on October 5,

---

[1] Columbia argues that it is entitled to summary judgment on JR's Auto Care's counterclaim. Notably, however, in its brief, Columbia does not discuss the applicability of Ark. Code Ann. § 18-45-201 to the facts of this case.

2023, and it was not until November 7, 2023, when Columbia issued payment to Gibson, that Columbia became the owner of the fourteen (14) vehicles. Thus, it is undisputed that Columbia was not responsible for any storage fees when it came to retrieve the vehicles on October 5, 2023.

Although not entirely clear, it appears that JR's Auto Care is arguing the following. On October 5, 2023, Gibson owed a certain amount in storage fees. Because of the unpaid storage fees, JR's Auto Care perfected a storageman's lien on the fourteen (14) vehicles by retaining possession of the vehicles and refusing to release them to Columbia on October 5, 2023. Thus, JR's Auto Care contends that Columbia became a bona fide purchaser of the vehicles with notice of the lien because Columbia had been informed of the lien on October 5, 2023. JR's Auto Care's theory of the case is based on the fact that it charged Gibson storage fees between June 14, 2023, the day of the hailstorm, and October 5, 2023, the day Columbia attempted to retrieve the vehicles. It is unclear from the record whether JR's Auto Care charged Gibson for storage fees during this time.

In its summary judgment motion, Columbia argues that is entitled to summary judgment on JR's Auto Care's counterclaim. Notably, however, in its brief, Columbia does not discuss the applicability of Ark. Code Ann. § 18-45-201 to the facts of this case. Having read the parties' briefs on this issue, the Court cannot ascertain whether Ark. Code Ann. § 18-45-201 applies or whether a valid statutory lien exists. Consequently, the Court cannot rule at this time on the summary judgment motion as to JR's Auto Care's counterclaim. Thus, Columbia is directed to re-brief its summary judgment argument as to JR's Auto Care's counterclaim, and the Court will allow JR's Auto Care to respond to the brief.

### IV. CONCLUSION

For the reasons stated above, the Court finds that Columbia's Motion for Summary

Judgment (ECF No. 18) as to its complaint for declaratory judgment should be and hereby is **GRANTED**. The Court declares that Columbia has discharged all duties and obligations to JR's Auto Care under the Policy.

The Court declines to rule at this time on the summary judgment motion as it relates to JR's Auto Care's counterclaim. The Court directs Columbia to re-brief its argument as to why it is entitled to summary judgment on the counterclaim. Columbia shall file its brief on or before February 19, 2025. JR's Auto Care shall file its responsive brief on or before March 5, 2025. Further, the Court will continue this case by separate order to allow the Court time to issue an opinion as to whether Columbia is entitled to summary judgment on JR's Auto Care's counterclaim.

**IT IS SO ORDERED**, this 5th day of February, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge